UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
WILLIAM JONES, *pro se*,

                Plaintiff,

                -against-                      **SUMMARY ORDER**
                                                  11-CV-4383 (DLI)(RER)

ERIC SCHNEIDERMAN, Attorney
General of the State of New York; THE
NEW YORK SUPREME COURT,

                Defendants.
----------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] Plaintiff William Jones is currently incarcerated at Rikers Island for criminal possession of a weapon in the second degree in violation of New York Penal Law ("N.Y.P.L.") § 265.03.  Plaintiff brings the instant action pursuant to 28 U.S.C. § 2403 challenging the constitutionality of N.Y.P.L. § 265.03.  Specifically, Plaintiff alleges that N.Y.P.L. § 265.03 requires that a weapon be recovered, but in his case "there was never any weapon(s) recovered.  Therefore, [he is] challenging said charges; as a Constitutional basis.  To verify, demonstrate and indicate my innocence."  (Compl. at 2.)  The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for purposes of this Order.  However, for the reasons set forth below, this action is dismissed.

      Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

---

[1] In reviewing plaintiff's complaint, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

1

entity." Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A (b).

In general, a district court may not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted is constitutional. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The Second Circuit has held that, unless the plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding, "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court for the Town of Springfield, N.Y.*, 56 F. 3d 391, 393 (2d Cir. 1995).

Here, the criminal case against plaintiff is still pending.[2] Moreover, New York has an important state interest in enforcing its criminal laws, and Plaintiff is free to raise his constitutional claims in the pending criminal proceedings. *See id.* at 393-94 ("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one" and because the plaintiff "is free to raise his constitutional claims before a legally trained judge . . . after conviction on direct appeal, [thus, the plaintiff] can assert no bar to having his constitutional argument heard before the state courts") (citations omitted); *see also Schlagler v. Phillips*, 166 F. 3d 439, 442-44 (2d Cir. 1999) (*Younger* abstention applied to dismiss complaint alleging violation of criminal defendant's constitutional rights). Plaintiff fails to allege any facts that would bring his case within any exception for extraordinary circumstances. Thus, plaintiff's

---

[2] *See* http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf, Book & Case Number: 5411101390.

constitutional claims regarding his pending criminal case must be dismissed. *See Hansel*, 56 F. 3d at 393.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. Because the Court did not consider whether the state law is constitutional, the Court declines to certify this question to the Attorney General of the State of New York pursuant to 28 U.S.C. § 2403. *See Johnson v. Artuz*, 182 F. 3d 900, at *1 (2d Cir. 1999); *Romaine v. Rawson*, 2004 WL 1013316, at *2 n.1 (N.D.N.Y. May 6, 2004). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      November 10, 2011

                                                /s/
                                       DORA L. IRIZARRY
                                    United States District Judge